UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY RAY,

        Plaintiff,

v.

PPOM, L.L.C., a Delaware L.L.C.,

        Defendant.
_____/

CASE NO. 04-60287

HON. MARIANNE O. BATTANI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION AND, IN THE ALTERNATIVE,
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

**I.   INTRODUCTION**

Before the Court is Defendant PPOM L.L.C.'s (PPOM) Motion to Dismiss for Lack of Subject Matter Jurisdiction and, in the Alternative, Failure to Exhaust Administrative Remedies (Doc. # 4). The Court heard argument on May 11, 2005. At the conclusion of the hearing, the Court took this matter under advisement. For the reasons discussed below, the Court GRANTS the motion.

**II.   STATEMENT OF FACTS**

Plaintiff, Beverly Ray, is a former employee of Defendant PPOM. While she was employed, she participated in an employee welfare benefit plan established in accordance with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 et seq. While she was a participant, her son, Tyrone Beeman, who was a beneficiary under the plan, suffered injuries from an automobile accident. According to the Complaint,[1] Beeman incurred $175,000 in expenses related to medical treatment, therapy, and rehabilitation,

---

[1] After briefing on this motion was completed, Plaintiff filed an amended complaint. Because it was not filed in accordance with Fed.R.Civ.P. 15(a), it plays no part in the resolution of this motion.

which Defendant has failed to pay. Compl. at ¶¶ 10, 12. Plaintiff filed this action seeking payment of all the charges incurred as a result of the accident.

Although the plan covered children of plan participants; the parties contest Plaintiff's son's entitlement to benefits. At issue is his status as an eligible dependent. The relevant plan provisions require an unmarried child over nineteen to be enrolled as a "full-time student. . .and dependent on the employee for more than half of [his] support;" and termination of eligibility if, among other things, a dependent ceases to be a full-time student or is no longer "dependent on the employee for more than half of his support." Def.'s Ex. 1.

Defendant argues that Beeman was not a beneficiary of the Plan because, at the time of the accident, he was over the age of nineteen; he was not enrolled as a full-time student; and he was not dependent on his mother for more than half of his support. Instead, Defendant maintains that the facts show that Beeman was working full-time, living with his grandmother, and paying her room and board. In response, Ray contends that Beeman is an eligible beneficiary because was enrolled at Eastern Michigan University at the time of the accident, but had to drop his classes as a result of the accident.

### III.  STANDARD OF REVIEW

A Rule 12(b)(1) motion addresses whether a court has the authority or competence to hear a case. A defendant may challenge the subject matter jurisdiction alleged by the complaint either facially or substantively. Gould Elec. Inc. v. United States, 220 F.3d 169 (3d Cir. 2000). On a facial attack, the defendant merely questions whether the language of the complaint adequately invokes the court's jurisdiction over the subject matter of the case. A substantive attack, in contrast, goes beyond the complaint and challenges the facts upon which subject matter jurisdiction depends. "[N]o presumptive truthfulness applies to the factual allegations....In reviewing [substantive attacks], a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Ohio Nat'l Life Ins. Co. v. United States, 992 F.2d 320, 325 (6th Cir. 1990).

**IV.   DISCUSSION**

The parties contest whether Plaintiff has standing to bring this suit on several grounds.  At issue in this motion is whether Plaintiff may bring an ERISA suit on behalf of her son; Beeman's status as a beneficiary of the Plan; and whether Plaintiff has suffered an injury in fact, given her son had reached the age of majority when his debts were incurred.  In the alternative, Defendant requests dismissal because the denial of benefits to Beeman was not appealed; and consequently, administrative remedies have not been exhausted.

**A.  Plaintiff's standing**

Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides that "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  Thus, "'ERISA provides a plan beneficiary with the right to judicial review of a benefits determination.'" Norris v. Citibank, N.A., Disability Plan, 308 F.3d 880, 883 (8th Cir.2002) (quoting Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir.1998).

Case law and commentary interpreting this provision support Defendant's position that Plaintiff has no legal basis for asserting a claim on behalf of her son.  A parent of a plan beneficiary, even a parent whose employment is the source of the injured party's claim to benefits, does not have standing in her individual capacity "to sue to enforce payment of medical benefits to another party solely on the grounds that [she] would be liable for payment of the medical bills if the plan does not pay them."  JOHN F. BUCKLEY, ERISA LAW ANSWER BOOK § Q 19:5  (4th ed. 2003).   "[T]he expenses incurred must be for an injury or illness to oneself, not to another person, even if the other is another plan participant." Chapter v. Monfort of Colorado, Inc., 20 F.3d 286, 288 (7th Cir. 1994);  Hartenbower v. Electrical Specialties Co. Health Benefit Plan, 1996 U.S. Dist. LEXIS 2565 (N.D. Ill. Mar. 5, 1996).

Plaintiff is correct that some courts have allowed beneficiaries to bring claims under ERISA for benefits owed to a participant. See, e.g., Vogel v. Independence Fed. Sav. Bank,

728 F.Supp. 1210 (D.Md.1990) (reasoning that ERISA was promulgated, in part, to protect "those family members [who] necessarily incur financial obligations. . .as the result of an allegedly illegal [denial] of ERISA-regulated insurance benefits," and finding the plaintiff to be within the "zone of interests' protected by ERISA to embrace the claims brought by [the plaintiff] would fulfill the remedial purpose of ERISA by giving ERISA's enforcement provisions real force"); see also James v. Louisiana Laborers Health and Welfare Fund, 766 F.Supp. 530 (E.D.La.1991) (allowing an estate administrator of a deceased participant to bring an action under ERISA to recover benefits due him). Keys v. Eastman Kodak Co., 739 F.Supp. 135, 138 (W.D.N.Y.1990) (noting that it may be possible for a "plan participant's family" to be construed as a "beneficiary" of health benefits because "it is often" the family "who must otherwise incur the costs of the health care for the participant"). Nevertheless, the Court declines to expand the reasoning to encompass the situation at hand for two reasons: first, these cases are distinguishable factually; and second, the reasoning advanced is called into question in light of more recent authority.

In the district court cases cited above, the participant was deceased when the "beneficiary" sought benefits. Beeman's status as a dependant under the terms of the plan does not place his mother in an analogous position. There is no evidence that Beeman, an adult, would be unable to bring a claim on his own behalf. Further, Beeman was not a minor at the time of the accident, thus Plaintiff was not rendered liable for his debts.

Moreover, these cases, which advocate a broad reading of the term "beneficiary," were decided before Great-West Life & Annuity Ins. Co. v. Knudson, 543 U.S. 204, 209 (2002), a case wherein the Supreme Court signaled an end to the trend of expanding the scope of ERISA-based claims based on the "spirit" or "purpose" of the Act. Notably, the Court reemphasized its view "that ERISA is a 'comprehensive and reticulated statute,' the product of a decade of congressional study of the Nation's private employee benefit system." Id. (citations omitted). The Court further observed that, because of the comprehensive nature of the statute, it has "been especially 'reluctant to tamper with [the] enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text." Id. (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 147 (1985)). Accordingly, the Court rejects Plaintiff's contention that she has standing

4

to bring a claim on behalf of her son.

In light of the Court's determination, it declines to consider whether Beeman was a qualified beneficiary under the Plan; whether Plaintiff has suffered an injury-in-fact; or whether administrative remedies have been exhausted.

## V.    CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.


                                        s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

Dated: August 9, 2005


### CERTIFICATE OF SERVICE

Copies of this Order were mailed to Fred S. Findling and Steve J. Weiss on this date by ordinary mail and/or electronic filing.

                                        s/Bernadette M. Thebolt
                                            Deputy Clerk